**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL WOOLEM,

Defendant - Appellant.

No. 23-2231

D.C. No.
1:16-cr-02079-SAB-1

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted December 5, 2024
Seattle, Washington

Before: BOGGS, McKEOWN, and R. NELSON, Circuit Judges.**

Daniel Woolem appeals from the district court's order denying his motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We have

jurisdiction under 28 U.S.C. § 1291. *United States v. Jackson*, 21 F.4th 1205, 1208

(9th Cir. 2022). We review de novo the district court's denial of a petition under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

U.S.C. § 2255. *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003). We affirm.

Woolem claims that his due process rights were violated because his sentencing counsel was not appointed in compliance with the Criminal Justice Act (CJA). The CJA, read in conjunction with the District Court for the Eastern District of Washington's Criminal Justice Act Plan ("CJA Plan"), does not create the enforceable due process rights that Woolem asserts. To create such a right, a law must contain mandatory language—that is, "specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989). Although the CJA and CJA Plan include some mandatory language, they also endow the district court with substantial discretion, as relevant here, to determine counsel's qualifications and to appoint substitute counsel. 18 U.S.C. § 3006A(c); CJA Plan IV.C.2, VIII.D.

On his ineffective assistance of counsel claims, Woolem had to establish 1) that "counsel's representation fell below an objective standard of reasonableness" and 2) a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). None of Woolem's ineffective assistance of counsel claims satisfy *Strickland*'s first prong. Even if they had, Woolem did not show that

any of his attorneys' alleged deficiencies prejudiced him.

**AFFIRMED.**